1  STEPHEN M. HAYES (SBN 83583)
   STEPHEN P. ELLINGSON (SBN 136505)
2  TARA S. NAYAK (SBN 289240)
   **HAYES SCOTT BONINO ELLINGSON & McLAY, LLP**
3  203 Redwood Shores Parkway, Suite 480
   Redwood City, California 94065
4  Telephone: 650.637.9100
   Facsimile: 650.637.8071
5
6  Attorney for Defendant
   STATE FARM MUTUAL AUTOMOBILE
7  INSURANCE COMPANY
8
                   UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
11 LAWRENCE EBERHART,                          CASE NO.

12              Plaintiff,                      **STATE FARM MUTUAL AUTOMOBILE
                                                INSURANCE COMPANY'S NOTICE OF
13     vs.                                      REMOVAL OF CIVIL ACTION UNDER
                                                28 U.S.C. SECTIONS 1332 AND 1441a
14                                              [DIVERSITY JURISDICTION];
                                                DEMAND FOR JURY TRIAL**
15 STATE FARM MUTUAL AUTOMOBILE
   INSURANCE CO., and DOES 1-50, inclusive,
16
                Defendants.
17
18     **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

19     PLEASE TAKE NOTICE that defendant State Farm Mutual Automobile Insurance

20 Company (hereinafter "State Farm") hereby removes to this Court the state action described below:

21     1.     State Farm is a defendant in the civil action commenced on April 1, 2015 in the

22            Superior Court of the State of California, County of Contra Costa, Case No. C15-

23            00573, entitled <u>Lawrence Eberhart v. State Farm Mutual Automobile Insurance</u>

24            <u>Company.</u>   A copy of the complaint is attached hereto as Exhibit "1" and is

25            incorporated as part of this notice.  Service of the complaint has not been perfected.

26     2.     State Farm filed its answer to plaintiff's complaint in state court on April 20, 2015.

27            A true and correct copy of its answer to plaintiff's complaint is attached hereto as

28            Exhibit "2" and is incorporated as part of this notice of removal and removal.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one that may be removed to this Court by State Farm pursuant to the provisions of 28 U.S.C. section 1441, subdivision (a), in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of different states.

4. The fact that the amount in controversy exceeds the minimum requirement for diversity jurisdiction can be determined by the nature of the claims and the amount and type of the damages sought in the complaint. The complaint seeks damages for breach of contract, breach of the implied covenant of good faith and fair dealing, "Tortious Refusal to Pay Benefits Due Under Insurance Policy" and violation of the Unruh Act, Civil Code sections 51, et seq. The complaint alleges that plaintiff's 2003 Harley Davidson Road Glide 100 Year Anniversary Edition motorcycle (hereinafter "the motorcycle") was stolen in February 2014. ("the Alleged Theft.") (Complaint, ¶¶ 7 and 10.) Plaintiff alleges he had a State Farm automobile insurance policy in effect on that date. (Complaint, ¶ 8.) Plaintiff alleges an appraisal of the motorcycle established it had a fair market value of $58,800.00. (Complaint, ¶ 18.) Plaintiff alleges that State Farm denied his claim for the theft of the motorcycle. (Complaint, ¶ 23.)

5. Plaintiff also seeks general damages. (Prayer for relief, item (c), p. 18:11.) Plaintiff's claim for general damages in and of itself satisfies the amount in controversy requirement.

6. Plaintiff also seeks punitive damages. (Prayer for relief, item (d), p. 18:13.) Even if the Court adopts a "due process multiplier" of just one times actual damages, the amount in controversy would be more than $75,000. *Johnson v. Ford Motor Co.*, 35 Cal.4th 1191 (2005); *Wysinger v. Automobile Club of Southern California*, 157 Cal.App.4th 413 (2007).

7. Plaintiff also seeks recovery of the attorney fees and costs he incurs to pursue his claim for insurance benefits. (Complaint, ¶ 34.) The claim for attorney fees and

costs constitutes an element of plaintiff's special damages on a theory that plaintiff incurred these so-called *Brandt* fees to recover unreasonably withheld policy benefits. *Brandt v. Superior Court,* 37 Cal.3d 813 (1985.) Plaintiff also alleges the claim for attorney fees and costs also constitutes an element of plaintiff's special damages for violation of the Unruh Act. (Complaint, ¶ 57; prayer for relief, item (g), p. 18:20.) It is likely that plaintiff's damages for attorney fees and costs through trial would exceed the $75,000 amount in controversy requirement in and of themselves.

8.   Plaintiff also seeks recovery of up to three times his actual damages for violation of the Unruh Act. (Prayer for relief, item (g), p. 18:20.)

9.   At the time of the commencement of this action, and at all times since, State Farm has been, and still is, a corporation of the State of Illinois, being incorporated under the laws of Illinois, and has had and continues to have its principal place of business in Illinois. Plaintiff Lawrence Eberhart has been and continues to be a citizen of the State of California, having been a resident of the State of California. (Complaint, ¶ 1.)

10.   This action was brought in the State of California. This corporate defendant is not, at the time of the institution of this action, and is not now, a corporation incorporated under the laws of the State of California, and does not have at the time of the institution of this action, and does not have now, its principal place of business in California.

### DEMAND FOR JURY TRIAL

State Farm Mutual Automobile Insurance Company hereby demands a trial by jury.

Dated: April 17, 2015                    HAYES SCOTT BONINO ELLINGSON & McLAY, LLP

By _____
STEPHEN M. HAYES
STEPHEN P. ELLINGSON
TARA S. NAYAK
Attorneys for Defendant
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

# EXHIBIT 1

APR. 3. 2015  1:49PM      STATE FARM LEGAL ·

NO. 585    P. 3

1 | Richard W. Meier, Esq. (SBN: 40961)
2 | Jon-Paul Moorehead, Esq. (SBN: 265069)
Law Offices of Richard W. Meier
3 | 11 Embarcadero West, Ste 133
Oakland, CA 94607
4 | Phone: (510) 834-3600
Facsimile: (510) 834-2648
5 | meierlaw@pacbell.net
6
Attorneys for Plaintiff:
7 | LAWRENCE EBERHART

2015 APR -1 P 1: 13

CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CA

BY:_____

L. WEBER

8

### SUPERIOR COURT OF STATE OF CALIFORNIA

9

### COUNTY OF CONTRA COSTA

10

### UNLIMITED JURISDICTION

PER LOCAL RULE 5
CASE IS ASSIGNED
DEPT ___ 21 ___

11

| | |
|---|---|
| 12 LAWRENCE EBERHART, | CASE NO.: **C 15 - 0 0 5 7 3** |
| 13 | |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| 14 | |
| 15 vs. | 1. **BREACH OF CONTRACT** |
| | 2. **BREACH OF COVENANT OF** |
| 16 | **GOOD FAITH AND FAIR** |
| | **DEALING** |
| 17 | 3. **TORTIOUS REFUSAL TO PAY** |
| 18 STATE FARM MUTUAL AUTOMOBILE | **BENEFITS DUE UNDER** |
| INSURANCE CO., and DOES 1-50, inclusive, | **INSURANCE POLICY** |
| 19 | 4. **VIOLATION OF UNRUH CIVIL** |
| | **RIGHTS ACT (Civil Code §51, et** |
| 20 Defendants. | **seq.)** |
| 21 | |
| | **JURY TRIAL DEMANDED** |
| 22 | |

23       COMES NOW Plaintiff LAWRENCE EBERHART (hereinafter "PLAINTIFF"), an

24 | individual, by and through his attorneys, Law Offices of Richard W. Meier, and submits this

25 | Complaint for Damages against each of the Defendants named herein.

26                               **PARTIES**

27       1.     PLAINTIFF is informed and believes and thereon alleges that at all material times

28 | Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. (hereinafter

---

1

APR. 3. 2015  1:50PM    STATE FARM LEGAL                    NO. 585    P. 4

1  "DEFENDANT"), was an Illinois corporation, existing within and by virtue of the laws of the

2  State of California, and doing business in the State of California.

3      2.    PLAINTIFF is informed and believes, and thereupon alleges, that at all times herein

4  mentioned, DEFENDANT had unknown agents, employees, servants, co-venturers, and/or

5  subsidiaries acting within the scope of said agency, service, co-venture, and/or employment and

6  acting with actual or ostensible authority and/or agency and that DEFENDANT ratified the actions

7  and/or conduct of these unknown agents, employees, servants, co-venturers, and/or subsidiaries.

8      3.    The true names and capacities of Defendant DOES 1-50, whether individual,

9  corporate, associate or otherwise, are unknown to PLAINTIFF at the time of filing this Complaint

10  For Damages, and PLAINTIFF, therefore, sues said Defendants DOES 1-50 by such fictitious

11  names and will ask leave of Court to amend this Complaint For Damages to show their true names

12  or capacities when the same have been ascertained. PLAINTIFF is informed and believes, and

13  thereupon alleges, that each of the DOE Defendants are, in some manner, responsible for the

14  events and happenings herein set forth and proximately caused injury and damages to PLAINTIFF

15  as herein alleged.

16  <u>**VENUE AND JURISDICITON**</u>

17      4.    Venue in this Court is proper for the following reasons: (1) the injuries suffered

18  by PLAINTIFF occurred in Contra Costa County; (2) PLAINTIFF resides in Contra Costa

19  County; (3) DEFENDANT does business in Contra Costa County; and (4) DEFENDANT's

20  liability arises out of its actions performed in Contra Costa County.

21      5.    Subject matter in this action is properly heard in this Court, as the action

22  incorporates an amount in controversy that exceeds $25,000.

23  <u>**FACTS COMMON TO ALL CAUSES OF ACTION**</u>

24      6.    PLAINTIFF is a 38 year-old, African-American male, who resides in Oakley,

25  California.

26      7.    PLAINTIFF owned a customized and modified 2003 Harley-Davidson Road Glide

27  100 Year Anniversary Edition motorcycle.

28      8.    On or about December 19, 2013, DEFENDANT and Does 1-50, and each of

1   them, entered into an insurance contract with PLAINTIFF and issued Car Policy No. 298 4366-

2   F19-05 ("POLICY"), effective December 19, 2013 through June 19, 2014, to PLAINTIFF.

3   PLAINTIFF's aforementioned motorcycle was a "covered vehicle" under the POLICY contract.

4          9.     At all material times after December 19, 2013, PLAINTIFF paid the required

5   premiums for the POLICY, and such POLICY has been and is still now in full force and effect.

6          10.    On the night of February 13, 2014, PLAINTIFF rode his motorcycle to a

7   Walmart store in Antioch, California, and parked it in the store's parking lot. PLAINTIFF went

8   inside the store and made his purchases. When he exited the store and went back to where he

9   had parked his motorcycle, PLAINTIFF became aware that his motorcycle had been stolen.

10         11.    Upon finding his motorcycle had been stolen, PLAINTIFF first notified the

11  Walmart store security in the parking lot about the theft.

12         12.    PLAINITFF then called and reported the vehicle theft to the Antioch Police

13  Department. The Antioch Police responded to the Walmart and subsequently filed a felony

14  vehicle theft police report.

15         13.    PLAINTIFF gave DEFENDANT and Does 1-50, and each of them, timely notice

16  of the motorcycle theft and made his claim for insurance under the POLICY (Claim No. 05-

17  29D3-567).

18         14.    DEFENDANT and Does 1-50, and each of them, immediately and unreasonably

19  suspected PLAINTIFF of fraud and launched a pre-determined "investigation" into

20  PLAINTIFF's claim.

21         15.    On February 24, 2013, eleven (11) days after the theft, DEFENDANT and Does

22  1-50, and each of them, initiated a recorded telephone call with PLAINTIFF during which

23  DEFENDANT and Does 1-50, and each of them, interrogated PLAINTIFF for close to two (2)

24  hours about PLAINTIFF's income, his banking practices, his kids, his parents, his cellular phone

25  records, and his whereabouts prior to the theft on the day of the loss. Despite being interrogated,

26  suspected, and accused of wrongdoing by his own insurance company, PLAINTIFF cooperated

27  with DEFENDANT and provided DEFENDANT with as much information as he had at the

28

time.

16.    Without reasonable proof otherwise, DEFENDANT and Does 1-50, and each of them, then suspected and accused PLAINTIFF of not having been at the Walmart that night. DEFENDANT and Does 1-50, and each of them, demanded that PLAINTIFF turn over to DEFENDANT and Does 1-50, and each of them, his cell phone tower records. Again, despite being accused of wrongdoing by his own insurance company, PLAINTIFF cooperated and DEFENDANT and Does 1-50, and each of them, received the cell phone tower records of PLAINTIFF.

17.    DEFENDANT and Does 1-50, and each of them, was also provided the security video footage from the Walmart store where PLAINTIFF's motorcycle was stolen, as well as PLAINTIFF's sales receipt for the purchases he made while he was inside the Walmart store that evening.

18.    PLAINTIFF also provided DEFENDANT and Does 1-50, and each of them, an Appraisal Report of his motorcycle based on a February 4, 2012 inspection of the motorcycle by Automobile Appraisal Association. The appraisal stated that the fair market value of PLAINTIFF's customized and modified Harley-Davidson 100 year anniversary edition motorcycle was $58,800.00. The appraisal identified PLAINTIFF's motorcycle; described its equipment; photographed and described its custom graphics and artwork; listed the condition of its different components; and appraised the value of the motorcycle with attached comparable motorcycles at market price.

19.    In addition to the detailed appraisal performed by the independent third party approximately a year prior to the theft, PLAINTIFF also provided DEFENDANT and Does 1-50, and each of them, with photographs of his motorcycle, showing the customizations made to the motorcycle.

20.    Despite PLAINTIFF providing proof that he was at the Walmart that night, that the motorcycle was stolen, and the value of the motorcycle, on March 18, 2014, more than a year after the motorcycle theft, DEFENDANT and Does 1-50, and each of them, still refused to

pay PLAINTIFF for his motorcycle loss under the POLICY, continuing to unreasonably suspect PLAINTIFF of insurance fraud. DEFENDANT and Does 1-50, and each of them, demanded that PLAINTIFF attend and provide sworn testimony under oath on April 7, 2014, telling PLAINTIFF, their insured, that there were "certain aspects of the claim" that required "clarification." Again, despite PLAINTIFF's frustrations of being continually and unreasonably suspected and accused of wrongdoing by his own insurance company, PLAINTIFF cooperated and attended.

21.     On April 7, 2014, DEFENDANT and Does 1-50, and each of them, proceeded to interrogate PLAINTIFF again for over six (6) hours regarding his bank and credit card statements, an inheritance, cellular phone records, continuing to level unreasonable suspicions against PLAINTIFF, without justification, for committing insurance fraud.

22.     On August 28, 2014, over 1 year and 6 months after the theft of PLAINTIFF's motorcycle, DEFENDANT and Does 1-50, and each of them, finally issued a denial of PLAINTIFF's insurance claim in its entirety.

23.     In DEFENDANT's denial letter dated August 28, 2014, DEFENDANT and Does 1-50, and each of them, blamed PLAINTIFF for not properly investigating his own insurance claim.

24.     At all times, the total theft of PLAINTIFF's motorcycle was, and continues to be, a covered "loss," as defined under PLAINTIFF's POLICY contract with DEFENDANT and Does 1-50, and each of them.

25.     On or around February 13, 2014, DEFENDANT and Does 1-50, and each of them, became obligated to indemnify and pay PLAINTIFF his damages for the total theft of PLAINTIFF's motorcycle covered under the POLICY contract. On the same date, PLAINTIFF became entitled under the provisions of the POLICY contract to payment for the covered loss.

26.     PLAINTIFF has performed all of his obligations under the POLICY contract, except for those obligations which are either impossible, or because of the breaches by DEFENDANT and Does 1-50, and each of them, have been excused or prevented from being

1  performed.

2      27.    DEFENDANT and Does 1-50, and each of them, despite having a fiduciary duty

3  to PLAINTIFF, have refused to provide a copy of PLAINTIFF's application for insurance and

4  complete insurance claim and underwriting files to him, despite requests from PLAINTIFF.

5      28.    As of the date of the filing, although repeated demands for payment under the

6  provisions of the POLICY have been made, DEFENDANT and Does 1-50, and each of them,

7  have refused and continue to refuse to pay PLAINTIFF the monies due under the POLICY

8  contract, in breach of said POLICY contract.

9      WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth:

10                 **GENERAL ALLEGATIONS**

11        **CAUSE OF ACTION #1 – BREACH OF CONTRACT**

12                    **Against All Defendants**

13      29.    PLAINTIFF refers to and incorporates by reference the allegations contained

14  within paragraphs 1-28 above, and each and every part thereof with the same force and effect as

15  though set out at length herein.

16      30.    On or about December 19, 2013, PLAINTIFF entered into the POLICY, a written

17  contract for insurance, with DEFENDANT and Does 1-50, and each of them.

18      31.    PLAINTIFF is informed and believes and therefore alleges that DEFENDANT

19  and Does 1-50, each of them, breached their obligations under the POLICY by engaging in at

20  least the following actions:

21          a. DEFENDANT and Does 1-50, and each of them, unreasonably and without

22  proper cause failed and refused to conduct a timely, complete and objective investigation into

23  the facts of the underlying claim by PLAINTIFF;

24

25          b. DEFENDANT and Does 1-50, and each of them, breached their fiduciary duty

26  to PLAINTIFF and refused to give at least as much consideration to the rights of PLAINTIFF

27  under the policy as DEFENDANT and Does 1-50, and each of them, gave to their own interests;

28          c. DEFENDANT and Does 1-50, and each of them, unreasonably and without

1   proper cause delayed paying PLAINTIFF any benefits, partial or full, due under the POLICY for

2   over two (2) years from the time of the subject motorcycle theft;

3         d. DEFENDANT and Does 1-50, and each of them, unreasonably and without

4   proper cause denied insurance coverage and benefits due to PLAINTIFF under the POLICY;

5         e. DEFENDANT and Does 1-50, and each of them, unreasonably and without

6   proper cause failed and refused to apply in a timely manner existing law regarding

7   DEFENDANTS' duty to provide coverage for losses;

8         f. DEFENDANT and Does 1-50, and each of them, unreasonably and without

9   proper cause instructed their agent, Sylvia Lopez, not to conduct a proper and thorough

10   investigation of PLAINTIFF's claim and instead deny coverage;

11         g. DEFENDANT and Does 1-50, and each of them, unreasonably and without

12   proper cause required PLAINTIFF to retain legal counsel and file suit at his own expense to

13   receive benefits due under the policy;

14         h. DEFENDANT and Does 1-50, and each of them, unreasonably and without

15   proper cause misrepresented to PLAINTIFF the coverages afforded to him under the POLICY

16   issued by DEFENDANT and Does 1-50;

17         i. DEFENDANT and Does 1-50, and each of them, unreasonably and without

18   proper cause misrepresented to PLAINTIFF his obligations under the POLICY issued by

19   DEFENDANT and Does 1-50;

20

21         j. DEFENDANT and Does 1-50, and each of them, unreasonably and without

22   proper cause withheld undisputed amounts of benefits due to PLAINTIFF under the policy;

23         k. DEFENDANT and Does 1-50, and each of them, unreasonably and without

24   proper cause misrepresented certain statements of fact, including that PLAINTIFF failed to

25   cooperate with DEFENDANT and Does 1-50, in order to deny PLAINTIFF his benefits under

26   the POLICY.

27       32.     PLAINTIFF has performed all of his obligations under the POLICY contract,

28   except for those obligations which are either impossible, or because of the breaches by

1  DEFENDANT and Does 1-50, and each of them, have been excused or prevented from being

2  performed.

3      33.    DEFENDANT and Does 1-50's conduct and breaches of the POLICY contract

4  were the direct and proximate cause of PLAINTIFF's damages under the POLICY in an amount

5  to be determined according to proof at the time of trial, plus interest and other incidental

6  damages according to proof in an amount to be determined at the time of trial.

7      34.    As a direct and proximate cause of DEFENDANT and Does 1-50's breaches of the

8  POLICY contract, PLAINTIFF was forced to retain legal counsel and file suit to enforce

9  collection of his benefits due under the POLICY and is therefore entitled to attorney fees and

10 costs pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d 813.

**CAUSE OF ACTION #2 – BREACH OF IMPLIED COVENANT OF**
11 **GOOD FAITH AND FAIR DEALING**
12 **Against All Defendants**
13

14     35.    PLAINTIFF refers to and incorporates by reference the allegations contained

15 within paragraphs 1-34 above, and each and every part thereof with the same force and effect as

16 though set out at length herein.

17     36.    At all material times since December 19, 2013, PLAINTIFF has paid the required

18 premiums under the POLICY contract with DEFENDANT and Does 1-50, and each of them, and

19
20 such POLICY has been and still is in full force and effect.

21     37.    PLAINTIFF has performed all of his obligations under the POLICY contract,

22 except for those obligations which are either impossible, or because of the breaches by

23 DEFENDANT and Does 1-50, and each of them, have been excused or prevented from being

24
25 performed.

26     38.    An implied covenant of good faith and fair dealing exists in every contract,

27 including the subject Policy herein issued by DEFENDANT and Does 1-50, and each of them, for

28 the benefit of PLAINTIFF. DEFENDANT and Does 1-50, and each of them, as an insurer issuing

liability insurance policies in California, had an implied obligation under California law to carry out their contractual duty to provide coverage to PLAINTIFF in good faith and fair dealing.

39.     PLAINTIFF is informed and believes and therefore alleges that the DEFENDANT and Does 1-50, and each of them, repeatedly breached the implied covenant of good faith and fair dealing pertaining to the POLICY, and unfairly interfered with PLAINTIFF's right to receive the benefits of the POLICY contract, by engaging in the following conduct towards PLAINTIFF:

a. Unreasonably delaying the investigation of PLAINTIFF's claim for insurance benefits under the POLICY, by, amongst other actions, requiring PLAINTIFF to submit records and additional information either impossible to obtain or not essential to making determinations of coverage under the POLICY;

b. Unreasonably delaying the payment of benefits, either in part or in whole, due to PLAINTIFF under the POLICY, by, amongst other actions, demanding PLAINTIFF to submit records and additional information that DEFENDANT and Does 1-50, and each of them, knew were either impossible to obtain or not essential to making determinations of coverage under the POLICY;

c. Unreasonably withholding payments of benefits, either in part or in whole, due to PLAINTIFF under the POLICY, knowing that PLAINTIFF'S claim for benefits under the POLICY were valid and under the fraudulent premise that PLAINTIFF would not submit records and additional information that DEFENDANT and Does 1-50, and each of them, knew were either impossible to obtain or not essential to making a determinations of coverage under the POLICY;

d. Unreasonably denying coverage under the POLICY to PLAINTIFF;

e. Unreasonably failing to effectuate in good faith a prompt, fair and equitable settlement of PLAINTIFF's claim when DEFENDANT's and Does 1-50's, and each of them,

9

responsibility for providing coverage was reasonably clear;

   f. Unreasonably interpreting terms of the POLICY, wholly inconsistent with applicable law including, Vann v. Travelers, 39 Cal.App. 4th 1610 (1995) and Montrose Chemical Corp. v. Superior Court, 6 Cal.App.4th 287 (1993), in an effort to avoid providing insurance benefits under the POLICY to PLAINTIFF for which he paid and is entitled to under PLAINTIFF's POLICY with DEFENDANT and Does 1-50, and each of them.

   g. Failing to conduct a full, complete, and objective investigation into PLAINTIFF's claim prior to issuing a denial;

   h. Discriminating against PLAINTIFF on the basis of his race, color, and ancestry to unreasonably deny his claim for insurance coverage under the POLICY.

   i. Breaching their fiduciary duties under the law to PLAINTIFF and unreasonably and without proper cause refusing to give at least as much consideration to the rights of PLAINTIFF under the POLICY as DEFENDANT and Does 1-50, and each of them, gave to their own interests.

   j. Unreasonably, and without proper cause, failing and refusing to apply in a timely manner existing law regarding DEFENDANTS' duty to provide coverage for losses.

   k. Unreasonably, and without proper cause, instructing their agent, Sylvia Lopez, not to conduct a proper and thorough investigation of PLAINTIFF's claim and instead deny coverage;

   l. Unreasonably, and without proper cause, forcing PLAINTIFF to retain legal counsel and file suit at his own expense to receive the benefits due under the POLICY;

   m. Unreasonably, and without proper cause, misrepresenting to PLAINTIFF the coverages afforded to him under the POLICY issued by DEFENDANT and Does 1-50;

   n. Unreasonably, and without proper cause, misrepresenting to PLAINTIFF his

COMPLAINT FOR DAMAGES

1   obligations under the POLICY issued by DEFENDANT and Does 1-50;

2          o. Unreasonably, and without proper cause, withholding undisputed amounts of

3   benefits due to PLAINTIFF under the POLICY;

4          p. Unreasonably, and without proper cause, misrepresenting certain statements of

5   fact, including that PLAINTIFF failed to cooperate with DEFENDANT and Does 1-50, in order to

6   deny PLAINTIFF his benefits under the POLICY.

7

8          q. Unreasonably failing to affirm or deny coverage within a reasonable amount of

9   time after tender of PLAINTIFF's claim for benefits under the POLICY.

10          r. Unreasonably failed to process PLAINTIFF's insurance claim, performing an

11  improper and substandard insurance claim handling investigation;

12

13          s. Unreasonable failed to provide PLAINTIFF, for whom they held a fiduciary

14  obligation, with all reasonable assistance possible to ensure that the POLICY benefits were paid to

15  him.

16      40.     PLAINTIFF is informed and believes and therefore alleges that DEFENDANT and

17  Does 1-50, and each of them, have breached their duty of good faith and fair dealing owed to

18  PLAINTIFF by other acts and omissions of which he is currently unaware and which will be

19

20  shown according to proof at the time of trial.

21      41.     Despite repeated demands by PLAINTIFF, DEFENDANT and Does 1-50, and

22  each of them, have failed and refused to pay PLAINTIFF for the benefits owed him under the

23

24  POLICY, requiring PLAINTIFF to have to obtain counsel to recover the benefits owed him under

25  the POLICY.

26      42.     As a proximate result of the repeated breaches of the covenant of good faith and

27  fair dealing by the DEFENDANT and Does 1-50, and each of them, PLAINTIFF has suffered, and

28  will continue to suffer in the future, economic and consequential financial damages, as well as

emotional distress in a total amount to be shown at the time of trial.

43.      As a further proximate result of the repeated breaches of the covenant of good faith and fair dealing by the DEFENDANT and Does 1-50, and each of them, PLAINTIFF was compelled to retain legal counsel to obtain the benefits due under the POLICY, and DEFENDANT and Does 1-50, and each of them, are liable to PLAINTIFF for those attorney fees and costs which were necessarily incurred by PLAINTIFF in order to obtain the benefits under the POLICY, pursuant to *Brandt v. Superior Court* (1985) 37 Cal.3d 813, in a sum to be determined at the time of trial.

44.      The conduct of DEFENDANT and Does 1-50, and each of them, described above was intended by them to cause injury to PLAINTIFF; cause PLAINTIFF to abandon his claims for insurance benefits; undertaken in a despicable manner with a willful and conscious disregard to the rights of PLAINTIFF; undertaken to subject PLAINTIFF to cruel and unjust hardship in conscious disregard of its rights; or was an intentional misrepresentation, deceit or concealment of a material fact known to the DEFENDANT and Does 1-50, and each of them, with the intention to deprive the PLAINTIFF of his property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under Cal. Civil Code 3294, for which PLAINTIFF should be awarded punitive damages in an amount appropriate to punish or set an example of DEFENDANT and Does 1-50.

### CAUSE OF ACTION #3 – TORTIOUS REFUSAL TO PAY BENEFITS DUE UNDER INSURANCE POLICY
#### Against All Defendants

45.      PLAINTIFF refers to and incorporates by reference the allegations contained within paragraphs 1-44 above, and each and every part thereof with the same force and effect as though set out at length herein.

46.      At all material times DEFENDANT and Does 1-50, and each of them, wrongfully

1  and unreasonably withheld and denied benefits due to PLAINTIFF under the POLICY. In

2  denying PLAINTIFF's claim for benefits, DEFENDANT and Does 1-50, and each of them,

3  engaged in the following unreasonable conduct towards PLAINTIFF:

4

5          a. Delaying the investigation of PLAINTIFF's claim for insurance benefits under

6  the POLICY, by, amongst other actions, requiring PLAINTIFF to submit records and additional

7  information either impossible to obtain or not essential to making determinations of coverage

8  under the POLICY;

9

10         b. Delaying the payment of benefits, either in part or in whole, due to PLAINTIFF

11  under the POLICY, by, amongst other actions, demanding PLAINTIFF to submit records and

12  additional information that DEFENDANT and Does 1-50, and each of them, knew were either

13  impossible to obtain or not essential to making determinations of coverage under the POLICY;

14

15         c. Withholding payments of benefits, either in part or in whole, due to PLAINTIFF

16  under the POLICY, knowing that PLAINTIFF'S claim for benefits under the POLICY were valid

17  and under the fraudulent premise that PLAINTIFF would not submit records and additional

18  information that DEFENDANT and Does 1-50, and each of them, knew were either impossible to

19  obtain or not essential to making a determinations of coverage under the POLICY;

20

21         d. Denying coverage under the POLICY to PLAINTIFF;

22         e. Failing to effectuate in good faith a prompt, fair and equitable settlement of

23  PLAINTIFF's claim when DEFENDANT's and Does 1-50's, and each of them, responsibility for

24  providing coverage was reasonably clear;

25

26         f. Interpreting terms of the POLICY wholly inconsistent with applicable law

27  including, Vann v. Travelers, 39 Cal.App. 4th 1610 (1995) and Montrose Chemical Corp. v.

28  Superior Court, 6 Cal.App.4th 287 (1993), in an effort to avoid providing insurance benefits under

1 the POLICY to PLAINTIFF for which he paid and is entitled to under PLAINTIFF's POLICY

2 with DEFENDANT and Does 1-50, and each of them.

3

4      g. Failing to conduct a full, complete, and objective investigation into

5 PLAINTIFF's claim prior to issuing a denial;

6      h. Discriminating against PLAINTIFF on the basis of his race, color, and ancestry

7 to unreasonably deny his claim for insurance coverage under the POLICY.

8      i. Breaching their fiduciary duties under the law to PLAIINTIFF and unreasonably

9

10 and without proper cause refusing to give at least as much consideration to the rights of

11 PLAINTIFF under the POLICY as DEFENDANT and Does 1-50, and each of them, gave to their

12 own interests.

13      j. Failing and refusing to apply in a timely manner existing law regarding

14 DEFENDANTS' duty to provide coverage for losses.

15

16      k. Instructing their agent, Sylvia Lopez, not to conduct a proper and thorough

17 investigation of PLAINTIFF's claim and instead deny coverage;

18      l. Forcing PLAINTIFF to retain legal counsel and file suit at his own expense to

19 receive the benefits due under the POLICY;

20

21      m. Misrepresenting to PLAINTIFF the coverages afforded to him under the

22 POLICY issued by DEFENDANT and Does 1-50;

23      n. Misrepresenting to PLAINTIFF his obligations under the POLICY issued by

24 DEFENDANT and Does 1-50;

25      o. Withholding undisputed amounts of benefits due to PLAINTIFF under the

26 POLICY;

27      p. Misrepresenting certain statements of fact, including that PLAINTIFF failed to

28 cooperate with DEFENDANT and Does 1-50, in order to deny PLAINTIFF his benefits under the

1 | POLICY.

2          q. Failing to affirm or deny coverage within a reasonable amount of time after

3 | tender of PLAINTIFF's claim for benefits under the POLICY.

4          r. Failing to process PLAINTIFF's insurance claim by performing an improper and

5 | substandard insurance claim-handling investigation;

6

7          s. Failing to provide PLAINTIFF, for whom they held a fiduciary obligation, with

8 | all reasonable assistance possible to ensure that the POLICY benefits were paid to him.

9          t. Refusing and continuing to refuse to give any reasonable interpretation to the

10 | provisions in the POLICY or any reasonable application of such provisions to PLAINTIFF's

11 | claim, protecting its own financial interest at the expense of PLAINTIFF's rights.

12          u. DEFENDANT and Does 1-50, and each of them, have failed to provide

13 | PLAINTIFF any reasonable or justifiable basis for denying PLAINTIFF's claim in relation to the

14 | insurance policy, the facts, or the applicable law.

15      47.    As a proximate result of the tortious refusal to pay benefits due under the POLICY

16 | by DEFENDANT and Does 1-50, and each of them, PLAINTIFF has suffered, and will continue

17 | to suffer in the future, economic and consequential financial damages, as well as emotional

18 | distress in a total amount to be shown at the time of trial.

19

20      48.    As a further proximate result of the tortious refusal to pay benefits due under the

21 | POLICY by DEFENDANT and Does 1-50, and each of them, PLAINTIFF was compelled to

22 | retain legal counsel to obtain the benefits due under the POLICY, and DEFENDANT and Does 1-

23 | 50, and each of them, are liable to PLAINTIFF for those attorney fees and costs which were

24 | necessarily incurred by PLAINTIFF in order to obtain the benefits under the POLICY, pursuant to

25

26 | *Brandt v. Superior Court* (1985) 37 Cal.3d 813, in a sum to be determined at the time of trial.

27      49.    The conduct of DEFENDANT and Does 1-50, and each of them, described above

28 | was intended by them to cause injury to PLAINTIFF; cause PLAINTIFF to abandon his claims for

15

insurance benefits; undertaken in a despicable manner with a willful and conscious disregard to the rights of PLAINTIFF; undertaken to subject PLAINTIFF to cruel and unjust hardship in conscious disregard of its rights; or was an intentional misrepresentation, deceit or concealment of a material fact known to the DEFENDANT and Does 1-50, and each of them, with the intention to deprive the PLAINTIFF of his property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under Cal. Civil Code 3294, for which PLAINTIFF should be awarded punitive damages in an amount appropriate to punish or set an example of DEFENDANT and Does 1-50.

## CAUSE OF ACTION #4 – VIOLATION OF UNRUH CIVIL RIGHTS ACT (Civil Code §51, et seq.)
### Against All Defendants

50.    PLAINTIFF refers to and incorporates by reference the allegations contained within paragraphs 1-49 above, and each and every part thereof with the same force and effect as though set out at length herein.

51.    Pursuant to Civil Code section 51(b), all persons within California are free and equal, and no matter what their race, color, or ancestry, are entitled to the full and equal accommodations, advantages, privileges, and services with respect to all business establishments of every kind whatsoever.

52.    DEFENDANT and Does 1-50, and each of them, is an insurance business establishment licensed and transacting business in the State of California.

53.    PLAINTIFF is informed and believes that DEFENDANT and Does 1-50, and each of them, discriminated against and refused to provide contract benefits due under the POLICY to PLAINTIFF on account of his race, color, and ancestry in violation of Civil Code section 51.5(a). DEFENDANT and Does 1-50, and each of them, pre-judged PLAINTIFF's claim for insurance and then persisted with its unreasonable, unsupported, and discriminatory belief that PLAINTIFF was committing insurance fraud on account of his race, color, and ancestry.

54.    DEFENDANT and Does 1-50, and each of them, used prior insurance claims filed by PLAINTIFF as to his motorcycle as a pretext to discriminating against PLAINTIFF and suspecting him of insurance fraud on the basis of his race, color, or ancestry. Instead of acting as

1  PLAINTIFF's fiduciary, DEFENDANT and Does 1-50, and each of them, then used the insurance

2  claims-handling process for the improper purpose of seeking to prove its discriminatory belief that

3  PLAINTIFF was committing insurance fraud, instead of seeking to provide PLAINTIFF with the

4  benefits due under the POLICY.

5      55.    The actions of DEFENDANT and Does 1-50, and each of them, as alleged herein,

6  in refusing to pay and denying PLAINTIFF's claim for insurance benefits under the POLICY was

7  because PLAINTIFF is African-American.

8      56.    As a direct and proximate result of the discrimination of DEFENDANT and Does

9  1-50, and each of them, as alleged herein, PLAINTIFF has suffered, and will continue to suffer in

10 the future, economic and consequential financial damages, as well as emotional distress in a total

11 amount to be shown at the time of trial. Pursuant to Civil Code section 52, DEFENDANT and

12 Does 1-50, and each of them, are liable to PLAINTIFF for the actual damages incurred for each

13 and every offense of DEFENDANT and Does 1-50.

14     57.    As a further direct and proximate result of the discrimination of DEFENDANT and

15 Does 1-50, and each of them, as alleged herein, PLAINTIFF was compelled to retain legal counsel

16 to obtain the benefits due under the POLICY, and DEFENDANT and Does 1-50, and each of

   them, are liable under Civil Code section 52, to PLAINTIFF for those attorney fees and costs

17 suffered by PLAINTIFF due to the violation of PLAINTIFF's rights under Civil Code sections 51

18 and 51.5, as alleged herein.

19     58.    Pursuant to Civil Code section 52, DEFENDANT and Does 1-50, and each of them,

20 are liable for statutory damages to PLAINTIFF for each and every offense alleged herein, for any

21 amount that may be determined by the jury up to a maximum of three (3) times the amount of actual

22 damages, but in no case less than four thousand dollars ($4,000.).

23     59.    The conduct of DEFENDANT and Does 1-50, and each of them, described above

24 was intended by them to cause injury to PLAINTIFF; cause PLAINTIFF to abandon his claims for

25 insurance benefits; undertaken in a despicable manner with a willful and conscious disregard to

26 the rights of PLAINTIFF; and undertaken to subject PLAINTIFF to cruel and unjust hardship in

27 conscious disregard of its rights, such as to constitute malice, oppression or fraud under Cal. Civil

28

1   Code 3294, for which PLAINTIFF should be awarded punitive damages in an amount appropriate

2   to punish or set an example of DEFENDANT and Does 1-50.

3        WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

4                                          **PRAYER**

5        WHEREFORE, PLAINTIFF prays for judgment against DEFENDANT and DOES 1-50,

6   and each of them, as follows:

7        a)      For monetary damages plus interest due to PLAINTIFF under the POLICY, as to be

8                determined according to proof at trial;

9        b)      For economic and consequential damages, as to be determined according to proof at

10               trial;

11       c)      For general and non-economic damages, including but not limited to damages for

12               Plaintiff's pain and suffering, as to be determined according to proof at trial;

13       d)      For punitive and exemplary damages in an amount appropriate to punish

14   DEFENDANT and Does 1-50, and each of them, according to proof at trial;

15       e)      For attorney fees and costs of litigation incurred by PLAINTIFF in order to obtain

16   his POLICY benefits;

17       f)      For attorney fees and costs of litigation incurred pursuant to Civil Code section 52

18   as a result of the violations of PLAINTIFF's rights under Civil Code sections 51 and 51.5;

19       g)      For statutory damages pursuant to Civil Code section 52 for any amount that may be

20   determined by the jury up to a maximum of three (3) times the amount of PLAINTIFF's actual

21   damages, but in no case less than four thousand dollars ($4,000.)

22       h)      For all other penalties, costs, and interest allowable by the law;

23       i)      For such other and further relief as the court deems just and proper.

24       //

25

26                                  **JURY TRIAL DEMAND.**

27   PLAINTIFF hereby demands trial by jury of any and all issues so triable.

28       //

---

**18**

COMPLAINT FOR DAMAGES

1   DATED: March 30, 2015        **LAW OFFICES OF RICHARD W. MEIER**

2

3

4                                  Jon-Paul Moorehead

                                   Attorney for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

# EXHIBIT 2

STEPHEN M. HAYES (SBN 83583)
STEPHEN P. ELLINGSON (SBN 136505)
TARA S. NAYAK (SBN 289240)
**HAYES SCOTT BONINO ELLINGSON & McLAY, LLP**
203 Redwood Shores Parkway, Suite 480
Redwood City, California 94065
Telephone: 650.637.9100
Facsimile: 650.637.8071

A.J. GAMBOL

Attorney for Defendant
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| LAWRENCE EBERHART,<br><br>       Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE CO., and DOES 1-50, inclusive,<br><br>       Defendants. | CASE NO. C15-00573<br><br>**DEFENDANT STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE<br>COMPANY'S ANSWER** |

Defendant State Farm Mutual Automobile Insurance Company, in answer to the unverified Complaint of plaintiff herein, herewith denies each and every, all and singular, the allegations of said unverified Complaint, and in this connection this answering defendant denies that plaintiff has been injured or damaged in any of the sums mentioned in said unverified Complaint, or in any sum, or at all as the result of any act or omission of this answering defendant.

AS A FIRST, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant alleges that said Complaint fails to state facts sufficient to constitute a case of action against this answering defendant.

AS A SECOND, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant

1  alleges that plaintiff has waived and is estopped and barred from alleging the matters set forth in the

2  Complaint.

3       AS A THIRD, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND

4  TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant

5  alleges that at all times and places mentioned in the Complaint herein, plaintiff failed to mitigate the

6  amount of his damages. The damages claimed by plaintiff could have been mitigated by due

7  diligence on his part or by one acting under similar circumstances. The plaintiff's failure to

8  mitigate is a bar to his recovery under the Complaint.

9       AS A FOURTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND

10  TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant

11  alleges that the injuries allegedly sustained by plaintiff was either wholly or in part caused by

12  plaintiff or persons, firms, corporations or entities other than this answering defendant, and whose

13  acts or omissions are imputed to plaintiff as a matter of law.

14       AS AN FIFTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND

15  TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant

16  alleges that at all times and places mentioned in the Complaint herein, plaintiffs failed to perform

17  certain conditions precedent that were imposed upon the plaintiffs by contract. The non-

18  performance of said conditions excused defendants' obligations under the contract.

19       AS A SIXTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND

20  TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant

21  alleges that plaintiff cannot assert any contractual claims set forth in the Complaint because plaintiff

22  prevented performance of said contract.

23       AS A SEVENTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN,

24  AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering

25  defendant alleges that plaintiff cannot assert any contractual claims set forth in the Complaint

26  because plaintiff materially breached said contract.

27       AS AN EIGHTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN,

28  AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering

1    defendant alleges the insurance policy or policies at issue in the Complaint afforded no coverage or

2    coverage was barred by one or more exclusions in said policy or policies.

3         AS A NINTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND

4    TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant

5    alleges that plaintiff should be denied recovery under the Complaint, and each cause of action

6    thereof, because plaintiff's conduct, or conduct imputed to plaintiff, was unreasonable.

7         AS A TENTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND

8    TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering defendant

9    alleges that plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages pursuant

10   to §3294 of the Civil Code, violates defendant's right to procedural due process under the

11   Fourteenth Amendment of the United States Constitution, and the Constitution of the State of

12   California, and therefore fails to state a cause of action upon which either punitive or exemplary

13   damages can be awarded.

14        AS AN ELEVENTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN,

15   AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering

16   defendant alleges that plaintiff's Complaint, to the extent that it seeks punitive or exemplary

17   damages pursuant to §3294 of the Civil Code, violates defendants' rights to protection from

18   "excessive fines" as provided in the Eighth Amendment of the United States Constitution and

19   Article I, Section 17, of the Constitution of the State of California, and violates defendants' rights to

20   substantive due process as provided in the Fifth and Fourteenth Amendments of the United States

21   Constitution and the Constitution of the State of California, and therefore fails to state a cause of

22   action supporting the punitive or exemplary damages claimed.

23        AS A TWELFTH, SEPARATE DEFENSE TO THE COMPLAINT ON FILE HEREIN,

24   AND TO EACH ALLEGED CAUSE OF ACTION CONTAINED THEREIN, this answering

25   defendant alleges that the alleged causes of action set forth in the Complaint are, and each of them

26   is, barred by the statute of limitations set forth in the applicable provisions of Code of Civil

27   Procedure sections 335 et seq., including but not limited to sections 337 and 339.

28        WHEREFORE, this answering defendant prays for judgment as follows:

1.   That plaintiff take nothing by his complaint;

2.   For costs of suit incurred herein; and

3.   For such other and further relief as the Court deems proper.

Dated:  April 17, 2015                          HAYES SCOTT BONINO ELLINGSON & McLAY, LLP


By_____
            STEPHEN M. HAYES
            STEPHEN P. ELLINGSON
            TARA S. NAYAK
            Attorneys for Defendant
            STATE FARM MUTUAL AUTOMOBILE
            INSURANCE COMPANY

DEFENDANT STATE FARM MUTUAL AUTO. INS. CO.'S ANSWER - CASE NO. C15-00573

**CASE NAME:** *Lawrence Eberhart v. State Farm Mutual Automobile Insurance Co., et al.*
**CASE NO.:**   **Contra Costa Superior Court Case No. C15-00573**

### PROOF OF SERVICE

I am a citizen of the United States. My business address is 203 Redwood Shores Parkway, Suite 480, Redwood City, California 94065. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

### DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ANSWER

☐  (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒  (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Redwood City, California.

☐  (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐  (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

☐  (BY EMAIL) by transmitting via email the document(s) listed above to the corresponding email address(es), or as stated on the attached service list, on this date before 5:00 p.m.

| | |
|---|---|
| Richard W. Meier | **Attorney for Plaintiff** |
| Jon-Paul Moorehead | **Lawrence Eberhart** |
| Law Offices of Richard W. Meier | |
| 11 Embarcadero West, Suite 133 | |
| Oakland, CA 94607 | |
| Tel: (510) 834-3600 / Fax: (510) 834-2648 | |
| meierlaw@pacbell.net | |

☒  *(State)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 20, 2015 at Redwood City, California.

_____
Millisa Coe

-1-

PROOF OF SERVICE - CASE NO. C15-00573

1   **CASE NAME:** *Lawrence Eberhart v. State Farm Mutual Automobile Insurance Co., et al.*
    **CASE NO.:**

2

3                                      **PROOF OF SERVICE**

4           I am a citizen of the United States. My business address is 203 Redwood Shores Parkway,
    Suite 480, Redwood City, California 94065.  I am employed in the County of San Mateo where this

5   service occurs.  I am over the age of 18 years, and not a party to the within cause.  I am readily
    familiar with my employer's normal business practice for collection and processing of

6   correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is
    deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course

7   of business.

8           On the date set forth below, following ordinary business practice, I served a true copy of the
    foregoing document(s) described as:

9   **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF**

10  **REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441a
    [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL**

11      ☐   (BY FAX) by transmitting via facsimile the document(s) listed above to the fax
            number(s) set forth below, or as stated on the attached service list, on this date

12          before 5:00 p.m.

13      ☒   (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be
            placed in the United States mail at Redwood City, California.

14      ☐   (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand
            this date to the offices of the addressee(s).

15

16      ☐   (BY OVERNIGHT DELIVERY) I caused such envelope(s) to be delivered to an
            overnight delivery carrier with delivery fees provided for, addressed to the
            person(s) on whom it is to be served.

17      ☐   (BY EMAIL) by transmitting via email the document(s) listed above to the
            corresponding email address(es), or as stated on the attached service list, on this

18          date before 5:00 p.m.

19

20  Richard W. Meier                          **Attorney for Plaintiff**
    Jon-Paul Moorehead                        **Lawrence Eberhart**

21  Law Offices of Richard W. Meier
    11 Embarcadero West, Suite 133

22  Oakland, CA 94607
    Tel: (510) 834-3600 / Fax: (510) 834-2648

23  meierlaw@pacbell.net

24      ☒   *(Federal)* I declare under penalty of perjury under the laws of the State of

25          California that the above is true and correct.

26          Executed on April 20, 2015 at Redwood City, California.

27                                              _millisa coe_
                                                Millisa Coe

28

                                            -1-

                                   **PROOF OF SERVICE**